Frank R. HERNANDEZ, II,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–9812–CR–492.

Court of Appeals of Indiana.

Sept. 28, 1999.

Jeffrey G. Raff, Deputy Public Defender, Fort Wayne, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Teresa Dashiell Giller, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-defendant Frank R. Hernandez, II appeals his convictions for two counts of Criminal Recklessness,[1] a Class D felony and Battery,[2] a Class A misdemeanor, claiming that a statement made by the victim was improperly admitted into evidence at trial. Specifically, he contends that the "excited utterances" of the victim who did not testify at trial amounted to a denial of his right of confrontation under our State constitution.

### FACTS

The facts most favorable to the verdict reveal that on June 15, 1998, Detective David Colon of the Fort Wayne Police Department was dispatched to the local Women's Shelter in response to a stabbing report. When Detective Colon arrived, he found Cynthia Tolliver sitting in a chair, holding her baby and crying hysterically.

---

**1.** IND. CODE § 35–42–2–2.

**2.** I.C. § 35–42–2–1.

Tolliver was also holding a towel to her bleeding nose and Detective Colon observed recent scratches on Tolliver's neck and bumps on her head.

In response to Detective Colon's inquiry, Tolliver explained that Hernandez had come to her house and pounded on the door. Hernandez then entered the house and picked up Tolliver's two-year-old child. He proceeded to hold a knife to the baby's throat and threatened to stab him. Hernandez then released the baby and rushed towards Tolliver making slashing motions with the knife at her stomach. Hernandez punched Tolliver several times in the face and head, grabbed her throat and tried to choke her. Hernandez then "head-butted" Tolliver in her nose. Record at 175.

As a result of the incident, Hernandez was arrested and charged with the above offenses along with one count of Resisting Law Enforcement. Immediately following the arrest, one of the officers discovered two butterfly knives with four-inch blades in Hernandez' pocket. Hernandez told one of the officers that he "took a couple of swings" at Tolliver because she had been "messing with him." R. at 210.

Tolliver did not appear in court on the day of trial. Before the jury was summoned, the trial judge conducted a hearing and determined that the State presented an adequate foundation for the admission of the statements that Tolliver made to Officer Colon under the excited utterance exception to the hearsay rule. As a result, Officer Colon recounted the statements that Tolliver had conveyed to him at the October 26, 1998 jury trial. Thereafter, the jury found Hernandez guilty as charged.[3] He now appeals.

### DISCUSSION AND DECISION

■ On appeal, we first note that Hernandez concedes that Tolliver's statements

constituted "excited utterances"[4] which are exceptions to the inadmissibility of hearsay evidence. Hernandez only argues that the admissibility of the statements violated his right of confrontation under Ind. Const. art. I, § 13(a).

■ To resolve this issue, we first set forth the relevant portion of Ind. Const. art. I, § 13(a) which provides as follows: "In all criminal prosecutions, the accused shall have the right ... to meet the witnesses face to face...." In construing this provision, we have observed that a defendant in a criminal prosecution enjoys the right to personally confront the witnesses against him. *Buzzard v. State*, 712 N.E.2d 547, 552 (Ind.Ct.App.1999); *Bartruff v. State*, 528 N.E.2d 110, 114 (Ind.Ct. App.1988), *trans. denied*. However, the right of confrontation is not absolute and must occasionally give way to the necessities of the particular case. *See Jenkins v. State*, 627 N.E.2d 789, 792–93 (Ind.1993), *cert. denied* 513 U.S. 812, 115 S.Ct. 64, 130 L.Ed.2d 21 (1994). Although the rules of hearsay and confrontation overlap, they are not equivalents. *Alspach v. State*, 440 N.E.2d 502, 505 (Ind.Ct.App.1982). Specifically, this court has held that the constitutional right to confrontation of witnesses does not require that no hearsay evidence may be introduced at trial. *Id.* at 506.

■ While certain statements may constitute hearsay evidence, they do not offend the defendant's right of confrontation where they possess substantial indicia of reliability, which may be inferred where the evidence falls within a firmly rooted exception to the hearsay rule. *Flynn v. State*, 702 N.E.2d 741, 745 (Ind.Ct.App. 1998), *trans. denied*. Moreover, if the statement falls within such an exception, an inference arises that a defendant's constitutional rights to confrontation and cross-examination are not violated.

---

**3.** Hernandez does not appeal his conviction for resisting law enforcement.

**4.** An excited utterance is a "statement relating to a startling event or condition made

while the declarant was under the stress of excitement caused by the event or condition." Ind. Evidence Rule 803(2).

*Holmes v. State,* 671 N.E.2d 841, 859 (Ind. 1996), *cert. denied,* 522 U.S. 849, 118 S.Ct. 137, 139 L.Ed.2d 85 (1997). Such exceptions to the hearsay rule exist because the manner in which certain out-of-court statements are made virtually guarantee their reliability. *Arndt v. State,* 642 N.E.2d 224, 227 (Ind.1994). If the exception fails to qualify as "firmly rooted," the State must show particularized guarantees of trustworthiness. *Flynn,* 702 N.E.2d at 745.

As our supreme court recognized in *Yamobi v. State,* 672 N.E.2d 1344 (Ind.1996), an excited utterance is inherently reliable because the declarant is incapable of thoughtful reflection and the statement is made while the declarant is still under the stress of excitement from the startling event. *See id.* at 1346; *see also Taylor v. State,* 697 N.E.2d 51, 52 (Ind.1998). Here, the record reflects that Tolliver's statements to Officer Colon were made shortly after the beating by Hernandez. Moreover, Officer Colon observed that the wounds were fresh and Tolliver was hysterical when she made the statements. Because an excited utterance is a firmly rooted exception to the hearsay rule, we conclude that the trial court properly determined that Hernandez' right to confrontation was not violated under these circumstances. Thus, it was proper to admit the statements that Tolliver made to Officer Colon.

Judgment affirmed.

SHARPNACK, C.J., and MATTINGLY, J., concur.